T.C. Summary Opinion 2011-18

UNITED STATES TAX COURT

ERIC S. KNOEDLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27181-09S.                    Filed February 28, 2011.

Eric S. Knoedler, pro se.

<u>Thomas D. Yang</u>, for respondent.

LARO, <u>Judge</u>:  This case was heard pursuant to the provisions
of section 7463 of the Internal Revenue Code in effect when the
petition was filed.[1]  Pursuant to section 7463(b), the decision
to be entered is not reviewable by any other court, and this
opinion shall not be treated as precedent for any other case.

---

[1]Subsequent section references are to the applicable
versions of the Internal Revenue Code, and Rule references are to
the Tax Court Rules of Practice and Procedure.

This case is before the Court for decision without trial. See Rule 122. Petitioner petitioned the Court to redetermine respondent's determination of a $2,993 deficiency in his 2007 Federal income tax. We decide whether petitioner may deduct as alimony $12,000 he paid pursuant to his divorce from his former wife. We hold that petitioner may not deduct any of that amount.

## Background

All facts were stipulated or contained in the exhibits submitted with the parties' stipulation of facts. Those stipulated facts and exhibits are incorporated by this reference and are so found. Petitioner resided in Illinois when the petition was filed.

Petitioner married Mary Vogt-Knoedler (Ms. Vogt-Knoedler) in 1980, and they had two children: J.K., born in 1985, and S.K., born in 1987 (collectively, children). In 2000 Ms. Vogt-Knoedler commenced a divorce action in the Court of Common Pleas of Monroe County, Pennsylvania (State court). Petitioner and Ms. Vogt-Knoedler entered into a postnuptial agreement (agreement) on November 5, 2000. The agreement provided:

> 5. HUSBAND'S SUPPORT OF FAMILY: Husband agrees that Wife is the primary custodian for the children. Prior to the graduation of * * * [S.K.] from high school * * * Husband shall provide funds in the amount of $2,000.00 per month for Wife's use for her care of the children and her own personal expenses. * * * Should Wife either remarry or cohabitate with someone of the opposite sex for more than one month, then Wife agrees to deposit ½ of the monthly $2,000.00 family

support payment into a separate bank account in trust for the children's college education.

Following * * * [S.K.]'s graduation * * * the support amount shall be adjusted to $1,000.00 per month per child in college. Further Husband shall only be responsible for 4 years of college education per child; this obligation will terminate upon either child's decision to withdraw from one full year of college (i.e., withdrawal from two concurrent semesters of college).

* * * * * * *

(14) SURVIVAL OF THIS AGREEMENT: The parties agree * * * that this Agreement shall be incorporated into any divorce decree subsequently entered by any court of competent jurisdiction pursuant to any divorce proceedings that have been instituted by the parties. The * * * [State court], upon entry of judgment for divorce, shall retain the right to enforce the provisions and terms of this Agreement. This Agreement, however, is not modifiable by the * * * [State court], it being the interest of the parties hereto that this Agreement shall not merge into such a subsequent decree of divorce, but shall survive the entry of any such decree and be forever binding and conclusive on the parties.

The State court finalized the divorce by decree on March 22, 2002. On October 8, 2002, petitioner moved the State court to allocate the $2,000 per month paid for "family support" as spousal support and/or child support. In granting petitioner's motion, the State court opined that

Although the Agreement specifies the amount of "family support," it is not clear what portion of the support was intended as spousal support and what portion is child support. What is clear from the Agreement is that if the Wife remarries or cohabitates for longer than one month with someone of the opposite sex, half of the "family support" payment is to be deposited into a separate bank account in trust for the children's college education. This seems to indicate

that half of the family support is actually spousal support.

    *     *     *     *     *     *     *

We find that in view of the surrounding circumstances and purpose of the contract, the allocation of the amount of $1,000.00 as spousal support is warranted. This Court has not changed, altered or modified the terms of the Agreement as Husband will continue to pay support in the amount of $2,000.00 per month as family support. However, the Court will designate or apportion the amount to designate $1,000.00 per month as spousal support until such time as Wife remarries or cohabitates with a member of the opposite sex for longer than one month. * * *

S.K. graduated from high school in 2006 and was enrolled at a college in 2007. J.K. was not enrolled at a college in 2007. In 2007, petitioner paid $12,000 to Ms. Vogt-Knoedler and deducted that amount as "alimony paid" on his 2007 Federal income tax return. Ms. Vogt-Knoedler did not report that amount as gross income in 2007. On August 10, 2009, respondent issued to petitioner a notice of deficiency which disallowed the claimed alimony deduction in full, and petitioner petitioned the Court to redetermine respondent's determination.

## Discussion

We must determine whether petitioner may deduct as alimony any of the $12,000 which he paid to Ms. Vogt-Knoedler in 2007.[2]

---

[2]Petitioner conceded in a posttrial memorandum which the Court allowed petitioner to file in lieu of a legal brief that he may not deduct as alimony $6,000 of the $12,000 paid to his former wife in 2007. See Rule 151(a).

Respondent argues that those payments are nondeductible child support. Petitioner argues that half of those payments are deductible as alimony. We agree with respondent.[3]

A taxpayer may generally deduct payments to a former spouse where those payments are alimony includable in the gross income of the former spouse. Sec. 215(a) and (b). For Federal income tax purposes, however, alimony does not include payments fixed by a divorce instrument that are payable for the support of the children of the payor spouse. Sec. 71(c)(1). A payment is treated as payable for the support of the children of the payor spouse if the amount of the payment will be reduced on the happening of a contingency specified in the divorce instrument relating to a child, such as attaining a specified age, marrying, dying, leaving school, or other similar contingencies. Sec. 71(c)(2)(A); see also sec. 1.71-1T(c), Q&A-17, Temporary Income Tax Regs., 49 Fed. Reg. 34456 (Aug. 31, 1984).

Petitioner argues that the State court's decision to allocate the family support payment equally as child support and spousal support is binding for Federal income tax purposes. We disagree. It is well settled that the labels assigned to payments by the parties or a divorce court are not determinative for Federal income tax purposes. Beard v. Commissioner, 77 T.C.

---

[3]Where, as here, the facts are not in dispute, we decide the case without regard to the burden of proof or sec. 7491(a).

1275, 1283-1284 (1981).  Moreover, State court adjudications retroactively redesignating payments as alimony and not child support (or vice versa) are generally disregarded for Federal income tax purposes.  See <u>Gordon v. Commissioner</u>, 70 T.C. 525, 530 (1978).  Thus, it is the express terms of the agreement which dictate the Federal income tax consequences of the payments which Mr. Knoedler made to his former spouse and not the subsequent State court allocation.

The agreement contains an explicit contingency related to a child; i.e., S.K.'s graduation from high school reduces petitioner's payment obligation from $2,000 per month to $1,000 per month per child in college.  See sec. 1.71-1T(c), Q&A-16, Temporary Income Tax Regs., <u>supra</u>.  The existence of the contingency triggers application of section 71(c)(1) and makes petitioner's 2007 payments to his former spouse child support not deductible under section 215.  See, e.g., <u>Hammond v. Commissioner</u>, T.C. Memo. 1998-53; <u>Fosberg v. Commissioner</u>, T.C. Memo. 1992-713.  We conclude that petitioner may not deduct as alimony any portion of the $12,000 that he paid to Ms. Vogt-Knoedler in 2007.

We have considered all arguments made in reaching our decision, and to the extent not discussed, we conclude those arguments to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.